UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MICHELE FECHO and
STEPHEN FECHO,
808 N. 34th Street
Reading, PA 19601

and

ANDREA ANDREWS and
GEORGE ANDREWS,
PO Box 822
Hazleton, PA 18201

and

DONNA MCNEELY and
ROBERT MCNEELY,
1020 Marilissa Lane
Las Cruces, NM 88005

and

FRANCINE MELNICK,
840 Madison Avenue
Reading, PA 19601

and

DENISE AWANI and
FRANK AWANI,
9507 Hunt Club Lane
Chatsworth, CA 91311

and

SHERRIE BARTZEL,
300 E. Marshall Street, #113
West Chester, PA 19380

and

Case No.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

TERESA BLANCHARD,
42810 Smallwood Terrace
South Riding, VA 20152

and

BARBARA BRADLEE and
ROBERT BRADLEE,
34 Bond Street
Reading, MA 01867

and

TERESA BROWN,
230 Stillwell Avenue
Kenmore, NY 14217

and

JOYCE CARPENTER,
15807 Laurelfield Drive
Houston, TX 77059

and

SUZANNE CHAPNIK-INTERRANTE and
KEVIN INTERRANTE,
31 Chandler Road
Malden, MA 02148

and

DENISE CONNELLY and
KEITH CONNELLY,
5 Meadowbrook Lane
Valley Stream, NY 11580

and

ELIZABETH DIGIOVANNI and
LOUIS DIGIOVANNI,
3115 Ventnor Ave
Longport, NJ 08403

and

NITA EDSON and
SANFORD EDSON,
11 Mt. Hermon Station Road
Northfield, MA 01360

and

KAREN FITZGERALD and
MICHAEL FITZGERALD,
878 N. Golf Cul-De-Sac
Des Plaines, IL 60016

and

LYNNE FRITZ,
2045 Rushmore Ct
Bel Air, MD 21015

and

SUSANNE GATESMAN and
THOMAS GATESMAN,
260-2 S. State Road
Hebron, IN 46341

and

DEBBIE GLICK and
RONALD GLICK,
700 Pine Tree Road
Pittsburgh, PA 15243

and

ROBIN JILL GORMIN and
JEFFREY GORMIN,
28142 Hibiscus Drive
Laguna Niguel, CA 92677

and

JUDITH ANN SMITH HARRISON,
303 N. 37th Street
Nederland, TX 77627

and

BARBARA HUDEC-SURRETTE and
RICHARD SURRETTE,
17 Brooke Haven Drive
Rutland, MA 01543
and

MARY KAVANAGH,
8673 Howard Drive
Buffalo, NY 14221

and

WILMA KAY,
305 Chapman Drive
Corte Madera, CA 94925

and

JULIE KLIMKO and
MICHAEL KLIMKO,
1425 Tar Kiln Road
Harrisville, RI 02830

and

KATHY KOFFARNUS and
STEVEN KOFFARNUS,
209 Maria Street
Kaukauna, WI 54130

and

PATRICIA D. LAMBERT and
JOSEPH LAMBERT,
219 Lake Park Drive
Addison, IL 60101

and

GEORGENE LARUE and
CHRISTOPHER LARUE,
1025 Lawnton Terrace
Glenolden, PA 19036

and

MARY ANN LAWRENCE and }
MARK LAWRENCE, }
5118 Scenic Road }
Murrysville, PA 15668 }
}
and }
}
ELIZABETH LEJEUNE and }
PAUL LEJEUNE, }
4 Tara Drive }
Parsippany, NJ 07054 }
}
and }
}
FRANK LUCAS, Individually and as the Personal }
Representative of the Estate of LINDA LUCAS, }
Deceased, ]
17 Ballo Place }
Edison, NJ 08820 }
}
and }
}
ARLINE MACCORMACK, }
7 Perry Road }
Auburndale, MA 02466 }
}
and }
}
LINDA MARCH and }
KEN MARCH, }
1271 Old Jacksonville Road }
Ivyland, PA 18974 }
}
and }
}
KAREN MARTIN and }
FREDERICK MARTIN III, }
46 Tremont Street }
Taunton, MA 02780 }
}
and }
}
LINDA MORRIS and }
MICHAEL MORRIS, }
1035 S. Beecham Road }
Williamstown, NJ 08094 }

and

JANET NOLAN and
WILLIAM NOLAN,
937 Wenonah
Oak Park, IL 60304

and

SUZANNE PETRELLA,
14 Maple Street
Yorkville, IL 60560

and

KIM PROVOST and
RUSSELL PROVOST,
18 Provost Lane
Cadyville, NY 12918

and

JANET REID and
MICHAEL REID,
101 Ledgeview Drive
Norwood, MA 02062

and

KATHLEEN RICHARDON and
PARKS RICHARDSON,
21001 Hwy 15
Falkner, MS 38629

and

DEBORAH ROBERTSON,
P.O. Box 3451
Pinehurst, NC 28374

and

VANESSA ROESSLER and
DENNIS ROESSLER,
2114 Crystal Hills
Houston, TX 71077

and

JOAN ROSENTHAL and
DAVID ROSENTHAL,
6910 Oak Bay Circle
Missouri City, TX 77459

and

SYLVIA SAIEED-LIVINGSTON and
FRANK LIVINGSTON,
105 SE 15th Street
Oak Island, NC 28465

and

DONNA SEARCHFIELD and
TIMOTHY SEARCHFIELD,
519 Mariaville Road
Ellsworth, ME 04605

and

BARBARA SHARKEY and
ROBERT SHARKEY,
7910 SE River Lane
Stuart, FL 34997

and

BEVERLY SHEA,
95 North Street
Norfolk, MA 02056

and

LENITA SIMS-SPEARS and
REGINALD SPEARS,
1336 Edington Lane
Mundelein, IL 60060

and

JUDY SMITH,
5623 Hamilton Wolfe, #916
San Antonio, TX 78240

and

KATHY SWAN,
P.O. Box 878234
Wasilla, AK 99687

Plaintiffs,

v.

ELI LILLY AND COMPANY,
Lilly Corporate Center
Indianapolis, IN 46285
w/s/o National Registered Agents, Inc.
1090 Vermont Avenue, N.W., Suite 910
Washington, DC 20005

and

THE ABBOTT LABORATORIES, INC.,
100 Abbott Park Road
Abbott Park, IL 60064
w/s/o CT Corporation
1025 Vermont Avenue, N.W.
Washington, DC 20036

and

BRISTOL-MYERS SQUIBB COMPANY,
*as successor to E.R. Squibb and Sons, Inc.*,
P.O Box 4500
Princeton, NJ 08543
w/s/o CT Corporation
1025 Vermont Avenue, N.W.
Washington, DC 20036

and

DART INDUSTRIES, INC., }
*as successor to the Rexall Drug Company* }
c/o Sheila Ann Marie Moeller, Esq. }
Gilbride, Tusa, Last & Spellane }
31 Brookside Drive }
Greenwich, CT 06830 }
}
and }
}
GLAXOSMITHKLINE, }
*as successor to Burroughs-Wellcome & Co.* }
1500 K Street, N.W. }
Washington, DC 20036 }
}
and }
}
MERCK & CO., INC., }
P.O. Box 4 }
West Point, PA 19486 }
w/s/o 601 Pennsylvania Avenue, N.W. }
North Building, Suite 1200 }
Washington, DC 20005 }
}
and }
}
PHARMACIA AND UPJOHN COMPANY, }
100 Route 206 North }
Peapack, NJ 07977 }
w/s/o/ CT Corporation }
1025 Vermont Avenue, N.W. }
Washington, DC 20005 }
}
and }
}
PREMO PHARMACEUTICAL LABORATORIES, }
INC., }
w/s/o Corporation Trust Co. }
820 Bear Tavern Road }
West Trenton, NJ 08628 }
}
Defendants. }
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ }
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**COMPLAINT**
**(DES Litigation – Products Liability – Class Action)**

## INTRODUCTION

1. This action consists of individual complaints for personal injury and a class action, and involves the drug diethylstilbestrol ("DES"), a synthetic estrogen manufactured, distributed, marketed, and sold by Defendants. DES was promoted and prescribed to pregnant women for the prevention of miscarriage and the accidents of pregnancy for two decades: 1948 to 1971. DES caused injury to the reproductive tract, i.e. cancer and infertility in many of the daughters exposed *in utero* to DES and has been the subject of thousands of previous lawsuits. This action is brought by DES daughters who have developed breast cancer from their exposure to DES *in utero*. All Plaintiffs have a common injury, *i.e.*, breast cancer. This action is brought for negligent failure to warn, negligent failure to test, and misrepresentation, legal remedies recognized in all states.

## JURISDICTION

2. Jurisdiction and venue is founded upon 28 U.S.C. §1332(d)(2),(5) and §1397(a) and §1397. This Court has original jurisdiction over this class action under 18 U.S.C. §1332(d), which under the provisions of the Class Action Fairness Act ("CAFA") explicitly provides for the original jurisdiction of the Federal Courts in any class action in which any member of the plaintiff class is a citizen of a State different from any defendant, and in which the matter in controversy exceeds the sum of $5,000,000.00 exclusive of interest and costs. Plaintiffs allege that the total claims of individual class members in this action are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. §1332(d)(2),(5). Plaintiffs and Defendants are

citizens of the states as set forth below. Plaintiffs allege that more than two-thirds of all of the members of the proposed Plaintiff Class in the aggregate are citizens of a State other than the District of Columbia, where this action is originally being filed, and that the total number of members of the proposed Plaintiff Class is greater than 100, pursuant to 28 U.S.C. §1332(d)(5)(b). Therefore, diversity of citizenship exists under CAFA as required by 28 U.S.C. § 1332(d)(2)(A). Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

3. The amount in controversy exceeds $75,000.00 for each plaintiff exclusive of interest and costs.

4. Defendants are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion and distribution of prescription pharmaceuticals, including DES, throughout the United States. They maintain offices and regularly do business in the District of Columbia.

5. Defendants or their predecessors in interest conspired together and met with each other in the District of Columbia for the purpose of obtaining governmental approval for DES, participated in industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, and cooperated and conspired in the District of Columbia to withhold from the Food and Drug Administration and the medical profession reports questioning the efficacy of DES and studies raising serious questions of safety.

## PARTIES

6. Plaintiffs Michele Fecho and her husband Stephen Fecho, Andrea Andrews and her husband George Andrews, Francine Melnick, Sherrie Bartzel, Debbie Glick and her husband Ronald Glick, Georgene Larue and her husband Christopher Larue, Mary Ann Lawrence and her husband Mark Lawrence, Linda March, and her husband Ken March, are residents of the Commonwealth of Pennsylvania.

7. Plaintiff Kathy Swan is a resident of the State of Alaska.

8. Plaintiffs Denise Awani and her husband Alfred Awani, Robin Jill Gormin and her husband Jeffrey Gormin, and Wilma Kay are residents of the State of California.

9. Plaintiffs Barbara Sharkey and her husband Robert Sharkey are residents of the State of Florida.

10. Plaintiffs Karen Fitzgerald and her husband Michael Fitzgerald, Patricia Lambert and her husband Joseph Lambert, Janet Nolan and her husband William Nolan, Suzanne Petrella, Lenita Sims-Spears and her husband Reginald Spears, are residents of the State of Illinois.

11. Plaintiffs Susanne Gatesman and her husband Robert Gatesman are residents of the State of Indiana.

12. Plaintiffs Donna Searchfield and her husband Timothy Searchfield are residents of the State of Maine.

13. Plaintiff Lynne Fritz is a resident of the State of Maryland.

14. Plaintiffs Barbara Bradlee and her husband Robert Bradlee, Suzanne Chapnik-Interrante and her husband Kevin Interrante, Nita Edson and her husband Sanford Edson, Barbara Hudec-Surrette and her husband Richard Surrette, Arline MacCormack, Karen

Martin and her husband Frederick Martin III, Janet Reid and her husband Michael Reid, and Beverly Shea are residents of the Commonwealth of Massachusetts.

15. Plaintiffs Kathleen Richardson and her husband Parks Richardson are residents of the State of Mississippi.

16. Plaintiffs Elizabeth DiGiovanni and her husband Louis DiGiovanni, Elizabeth Lejeune and her husband Paul Lejeune, Frank Lucas, Linda Morris and her husband Michael Morris, are residents of the State of New Jersey. Decedent Linda Lucas, represented by her estate, was a resident of the State of New Jersey

17. Plaintiffs Donna McNeely and her husband Robert McNeely are residents of the State of New Mexico.

18. Plaintiffs Teresa Brown, Denise Connelly and her husband Keith Connelly, Mary Kavanagh, Kim Provost and her husband Russell Provost, are residents of the State of New York.

19. Plaintiffs Deborah Robertson, Sylvia Saieed-Livingston and her husband Frank Livingston, are residents of the State of North Carolina.

20. Plaintiffs Julie Klimko and her husband Michael Klimko are residents of the State of Rhode Island.

21. Plaintiffs Joyce Carpenter, Judith Ann Smith Harrison, Vanessa Roessler and her husband Dennis Roessler, Joan Rosenthal and her husband David Rosenthal, and Judy Smith are residents of the State of Texas.

22. Plaintiff Teresa Blanchard is a resident of the Commonwealth of Virginia.

23. Plaintiffs Kathy Koffarnus and her husband Steven Koffarnus are residents of the State of Wisconsin.

24. Defendant Eli Lilly and Company is a corporation resident and with principal place of business in the State of Indiana.

25. Defendant The Abbott Laboratories, Inc. is a corporation resident and with principal place of business in the State of Illinois.

26. Defendant Bristol-Myers Squibb Company is a corporation resident and with principal place of business in the State of New York.

27. Defendant Dart Industries is a Delaware corporation with principal place of business in the State of Florida.

28. Defendant GlaxoSmithKline is a corporation resident and with principal place of business in the Commonwealth of Pennsylvania.

29. Defendant Merck & Co., Inc. is a corporation resident and with principal place of business in the State of New Jersey.

30. Defendant Pharmacia and Upjohn Company is a corporation resident and with principal place of business in the State of New Jersey.

31. Defendant Premo Pharmaceutical Labs is a corporation resident and with principal place of business in the State of New Jersey.

## CLASS ACTION ALLEGATIONS

32. Plaintiffs bring this action as a class action, pursuant to Fed. R. Civ. P. 23(d), on behalf of themselves and Classes defined as follows:

> Class A: All women born between the years 1948 and 1972 who were exposed to DES *in utero* during their gestation, who developed carcinoma in situ or invasive ductal carcinoma of the breast who were over forty years of age at the time of the diagnosis, and who were exposed to DES in the states in which some form of enterprise liability is recognized, i.e., New York, California, Florida, Wisconsin, Washington, Pennsylvania and Massachusetts.

Class B: All women born between the years 1948 and 1972 who were exposed to DES *in utero* during their gestation, who developed carcinoma in situ or invasive ductal carcinoma of the breast who were over forty years of age at the time of the diagnosis, and who were exposed to DES in the other non-market share states in the United States, the District of Columbia, or other territories.

33. Excluded from Classes are all women who have a relative within one degree with breast cancer or who have a genetic predisposition to breast cancer or who had a previous breast cancer.

34. DES was prescribed to millions of pregnant women therefore the Classes defined above are composed of thousands of women geographically dispersed throughout the United States, the joinder of whom in one action is impractical if not impossible. The Classes are ascertainable and identifiable.

35. Questions of law and fact common to the Classes exist as to the named Plaintiffs as well as all other members of the Classes. These common legal and factual issues include, but are not limited to, the following:

a. Whether *in utero* exposure to DES causes a significant increase in the risk of breast cancer in women at age forty (40) plus;

b. Whether Defendants warned of the danger of increased risk of breast cancer in women exposed *in utero* to DES;

c. Whether Defendants conducted adequate human or animal studies about the toxicity, carcinogenicity, and teratogenicity of DES prior to and during Defendants' promotion and sale of DES to pregnant women;

d. Whether Defendants were aware, or should have been aware, of studies showing the toxicity, carcinogenicity, and teratogenicity of DES prior to and during Defendants' promotion and sale of DES to pregnant women; and

e. Whether Defendants withheld or intentionally omitted information Defendants gave to the Food and Drug Administration and the medical community regarding the suspected toxicity, carcinogenicity, and teratogenicity of DES to the exposed female fetus prior to and during Defendants' sale of DES to pregnant women.

36. Plaintiffs' claims are typical of the claims of members of the Classes, as all such claims arise out of Defendants' negligence in selling or allowing DES to be sold to pregnant women without adequate warning or testing.

37. Plaintiffs will fairly and adequately protect the interests of the members of their respective Classes and have no interests antagonistic to those of the Classes.

38. This class action is appropriate for certification because the above-listed questions of law and fact common to the Classes will be most efficiently adjudicated in a common proceeding. Adjudications regarding all of the common questions of law and fact are, as a practical matter, preclusive of the Classes' suits or would substantially impair a Class member's ability to protect her interests.

## COMMON FACTUAL ALLEGATIONS

39. Beginning in 1948, Defendants manufactured, marketed, advertised, and sold DES in the United States of America for use by pregnant women to prevent threatened miscarriage or "accidents of pregnancy."

40. Defendants did not conduct any adequate human or animal tests regarding the safety to the exposed daughters and/or efficacy of DES. Although DES was known to have estrogenic, carcinogenic and teratogenic effects, not a single controlled prospective study in humans or animals to test for safety or efficacy was conducted by the

Defendants, nor was any obstetric or other medical specialist assigned to any clinical trials of DES by the Defendants.

41. Even in the absence of testing by Defendants, independent scientific studies showed that DES was not safe or effective for use by pregnant women or their offspring, which Defendants ignored.

42. Defendants knew, or should have known, that DES was a teratogen and carcinogen and was linked to cancer in the offspring of those exposed to DES.

43. Defendants knew, or should have known, that DES was not effective for prevention of miscarriage.

44. Defendants knew, or should have known, that the studies they provided to the Food and Drug Administration and the medical community regarding DES were not reliable and were not accurate.

45. Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy.

46. Defendants promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and recommended its use prophylactically even where no symptoms or signs of a threatened miscarriage appeared.

47. Defendants fraudulently deceived the Food and Drug Administration, the obstetrical profession, and the mothers of Plaintiffs and the Classes by knowingly and intentionally withholding adverse literature and studies or the paucity of testing, which Defendants had a duty to provide to the Food and Drug Administration and the medical

profession, and submitting only favorable reports, which they knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

**MASTER COUNT I**
**(Negligent Failure to Warn)**

48. All of the allegations contained in Common Factual Allegations are re-alleged and incorporated herein by reference.

49. At no time during the gestation or birth of any member of the Classes did Defendants make an adequate warning regarding the danger of DES to the mothers of the Class Members or the medical community which served them.

50. It was the duty of the Defendants to adequately warn the mothers of the Class Members and/or their attending physicians as to the risks of DES or the lack of testing at the time of the Plaintiffs' in utero exposure to DES.

51. Defendants negligently failed to adequately warn any mother of a Class Member or her treating physician that DES posed a risk of cancer to the child in utero.

52. As a result of said negligence, Plaintiffs and members of the Classes have developed breast cancer. Plaintiffs and members of the Classes suffered permanent and severe injury, underwent surgery, chemotherapy, and/or radiation, suffered pain and suffering, and incurred medical expenses and loss of earnings.

**MASTER COUNT II**
**(Negligent Failure to Test)**

53. All of the allegations contained in Common Factual Allegations and Master Count I are re-alleged and incorporated herein by reference.

54. Defendants had a duty to fully and adequately test DES for both safety and efficacy, both before and after seeking FDA approval and promoting DES for use in preventing miscarriage and the accidents of pregnancy.

55. Defendants negligently failed to adequately test DES in any regard as to its safety and efficacy.

56. As a result of Defendants' said negligence, Plaintiffs and members of the Classes have been injured as aforesaid.

**MASTER COUNT III**
**(Misrepresentation)**

57. All of the allegations contained in Common Factual Allegations and Master Counts I and II are re-alleged and incorporated herein by reference.

58. Defendants represented to pregnant women, including the mothers of Plaintiffs, the mothers of the members of the Classes, and their attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

59. The mothers of Plaintiffs, the mothers of the members of the Classes, and their attending physicians did, in fact, rely on Defendants' representations in their advice about purchase, use, and consumption of DES.

60. At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

61. As a result of Defendants' said negligence, Plaintiffs and members of the Classes have been injured as aforesaid.

**MASTER COUNT IV**
**(Punitive Damages Under Common Law and the Products Liability Act)**

62. All of the allegations contained in Common Factual Allegations and Master Counts I, II, and III.

63. Plaintiffs are entitled to punitive damages because the Defendants' wrongful acts and/or omissions were wanton or in conscious disregard of the rights of others. The Defendants misled both the medical community and the public at large, including Plaintiffs herein, by making false representations about the safety and efficacy of DES. Defendants downplayed, understated, and/or disregarded their knowledge of the serious and permanent side effects and risks associated with the use of DES despite available information demonstrating that DES was likely to cause serious and even fatal side effects to female offspring exposed in utero. Defendants actively concealed knowledge of the serious and permanent side effects and risks associated with the use of DES in pregnant women.

64. Defendants' misrepresentation included knowingly withholding material information from the FDA, the medical community and the public, including Plaintiffs concerning the safety of DES.

65. Defendants were or should have been in possession of evidence demonstrating that DES was a teratogen and carcinogen to female offspring exposed in utero. Nevertheless, Defendants continued to market and promote DES by providing false and misleading information with regard to safety and efficacy.

66. Defendants failed to provide warnings that would have dissuaded health care professionals from prescribing DES to pregnant women and consumers from purchasing and consuming DES thus preventing health care professions and consumers, including Plaintiffs, from weighing the true risks against the benefits of prescribing and/or purchasing and consuming DES.

**MASTER COUNT V**
**(Wrongful Death-Plaintiff Estate of Linda Lucas only)**

67. All of the allegations contained in Common Factual Allegations and Master Counts I, II, III, and IV are re-alleged and incorporated herein by reference.

68. On or about 1955, during her pregnancy with Decedent Linda Lucas, the mother of said Decedent, bought and ingested DES in Wisconsin. Her physician prescribed said drug during the pregnancy. The drug was manufactured and sold by the Defendants.

69. As a result of Decedent Linda Lucas' embryonic exposure to DES, she suffered injuries, including, but not limited to, breast cancer, pain and suffering, medical expenses, loss of wages, enjoyment of life and her fatal demise on or about March 28, 2009 in New Jersey. Decedent Linda Lucas was treated for said cancer in the States of New Jersey and Florida.

70. Said injuries were the result of the negligence of the Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, failure to heed and report adverse studies regarding the safety and efficacy of DES and the misrepresentation by the Defendants as aforesaid.

71. As a result of the injuries and wrongful death of Decedent Linda Lucas, her estate incurred expenses, pecuniary loss, loss of services, mental anguish, filial care, attention, advise, counseling, training, guidance, and education.

**MASTER COUNT VI**
**(Survivorship-Plaintiff Estate of Linda Lucas only)**

72. All of the allegations contained in Common Factual Allegations and Master Counts I, II, III, and IV are re-alleged and incorporated herein by reference.

73. The injuries to Decedent were such that she could have brought this suit during her lifetime, but no such litigation was entertained.

74. Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, failure to heed and report adverse studies regarding the safety and efficacy of DES, and the misrepresentations of the Defendants as aforesaid.

75. As a result of the wrongful acts of the Defendants as aforesaid, Decedent Linda Lucas suffered conscious pain and suffering, loss of earnings, incurred medical and surgical expenses, funeral expenses, and suffered pecuniary losses.

**MASTER COUNT VII**
**(Loss of Consortium)**

76. All of the allegations contained in Master Counts I, II, III, and IV are re-alleged and incorporated herein by reference.

77. As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendants as aforesaid, the spouses' of Plaintiffs have been deprived of the love, services and affection of their wives.

## INDIVIDUAL COUNTS

78. Plaintiffs Michele Fecho, Andrea Andrews, Donna McNeely, Francine Melnick, Denise Awani, Sherrie Bartzel, Teresa Blanchard, Barbara Bradlee, Teresa Brown, Joyce Carpenter, Suzanne Chapnik-Interrante, Denise Connelly, Elizabeth Digiovanni, Nita Edson, Karen Fitzgerald, Lynne Fritz, Susanne Gatesman, Debbie Glick, Robin Jill Gormin, Judith Ann Smith Harrison, Barbara Hudec-Surrette, Mary Kavanaugh, Wilma Kay, Julie Klimko, Kathy Koffarnus, Patricia D. Lambert, Georgene Larue, Mary Ann Lawrence, Elizabeth Lejeune, The Estate of Linda Lucas, Arline McCormack, Linda March, Karen Martin, Linda Morris, Janet Nolan, Suzanne Petrella, Kim Provost, Janet Reid, Kathleen Richardson, Deborah Robertson, Vanessa Roessler, Joan Rosenthal, Sylvia Saieed-Livingston, Donna Searchfield, Barbara Sharkey, Beverly Shea, Lenita Sims-Spears, Judy Smith and Kathy Swan claim damages under Master Counts I-Negligent Failure to Warn, II-Negligent Failure to Test, III-Misrepresentation, and IV-Punitive Damages Under Common Law and the Products Liability Act.

79. Plaintiffs Stephen Fecho, George Andrews, Robert McNeely, Frank Awani, Robert Bradlee, Kevin Interrante, Keith Connelly, Louis Digiovanni, Sanford Edson, Michael Fitzgerald, Thomas Gatesman, Ronald Glick, Jeffrey Gormin, Richard Surrette, Michael Klimko, Steven Koffarnus, Joseph Lambert, Christopher Larue, Mark Lawrence, Paul Lejeune, Frank Lucas, Individually, Ken March, Frederick Martin, III, Michael Morris, William Nolan, Russell Provost, Michael Reid, Parks Richardson, Dennis Roessler David Rosenthal, Frank Livingston, Timothy Searchfield, Robert Sharkey, and Reginald Spears claim damages under Master Count VII-Loss of Consortium.

80. Plaintiff Frank Lucas, as Personal Representative of the Estate of Linda Lucas, Deceased, claims damages under Master Counts V-Wrongful Death and VI-Survivorship.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment as requested above against Defendants and further prays for:

a. An order certifying the Classes proposed herein and appointing Plaintiffs and their counsel to represent the Classes, or, in the absence of class certification, maintaining the individual claims of the diverse Plaintiffs;

b. Judgment in the amount of Ten Million Dollars ($10,000,000.00) for each female Plaintiff, plus costs;

c. Judgment in the amount of One Million Dollars ($1,000,000.00) for each male Plaintiff, plus costs;

d. Judgment in the amount of Ten Million Dollars ($10,000,000.00) for the Estate of Linda Lucas for wrongful death, plus costs;

e. Judgment in the amount of Ten Million Dollars ($10,000,000.00) for the Estate of Linda Lucas for survivorship, plus costs; and

f. For such other legal and equitable relief as this court may deem just and proper.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
Telephone: (202) 833-8040
Facsimile: (202) 833-8046
aaronlevinelaw@aol.com

Counsel for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury as to all issues of material fact.

Aaron M. Levine