UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELE FECHO, et al., | |
| Plaintiffs, | Civil Action No. |
| vs. | **CASE MANAGEMENT ORDER NO. 1** |
| ELI LILLY AND COMPANY, et al., | |
| Defendants. | |

IT IS HEREBY ORDERED:

I.   PRELIMINARY STATEMENT

   A.   <u>Applicability of this Order</u>

This Case Management Order, along with the appended Timetable, has been consented to by all parties. The Case Management Order applies to the pretrial procedures for this diethylstilbestrol ("DES") case brought by the Plaintiffs, following the consent of the parties, transferring venue of this matter from the District of Columbia to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). The parties have conferred and consent that the matter be assigned to the Honorable Marianne B. Bowler, United States Magistrate Judge, for all purposes, including trial, pursuant to 28 U.S.C. § 636(c).

   B.   <u>Appearance of Counsel</u>

Counsel who have appeared in the transferor Court are deemed admitted to practice in the District of Massachusetts *pro hac vice* pursuant to Massachusetts Local Rule 83.5.3(B) and the filing fee for motions pursuant to that Rule is waived. Such

1

attorneys need not enter a separate appearance in the transferee Court and their appearance shall be deemed entered upon transfer of the docket from the transferor Court. Counsel admitted pursuant to this paragraph are required to register with the Clerk for use of the Court's electronic filing system.

II.   PARTIES

The Plaintiffs and Defendants shall each designate one Plaintiff as the bellwether cases for purposes of addressing a *Daubert/Frye* hearing on general and specific causation science issues in this case. Plaintiffs shall designate a bellwether plaintiff no later than February 1, 2011. Defendants shall designate a bellwether plaintiff no later than February 15, 2011. Any such designation shall not preclude hypothetical case discussions by either Plaintiffs or Defendants at deposition or other proceedings.

III.   ORGANIZATION OF DEFENDANTS' COUNSEL

A.   Defendants' Liaison Counsel

Samuel J. Abate, Jr. of Pepper Hamilton LLP, 620 Eighth Avenue, New York, New York 10018-1405, and David M. Covey of Sedgwick Detert Moran & Arnold, 125 Broad Street, New York, New York 10004-2400, are designated Liaison Counsel for all defendants. The Court may appoint additional liaison counsel for other defendants in the future if it deems it necessary.

B.   Privileges

The Court recognizes that cooperation among counsel and the parties is essential for the orderly resolution of this case. The communication, transmission or dissemination of information among the parties and their attorneys, shall not be deemed a waiver of attorney-client privilege, the protections afforded by the attorney work product doctrine,

the protections afforded to material prepared for litigation or any other privilege to which a party may be entitled. Any cooperative efforts, as described above shall not in any way be used against any of the parties, be evidence of conspiracy, wrongful action or wrongful conduct and shall not be communicated to the jury.

IV. GENERAL DISCOVERY SCHEDULE AND ISSUES

A. Initial Disclosures

The parties stipulate to waive initial disclosures under Fed. R. Civ. P. 26(a)(1).

B. Jurisdiction and Venue

The parties stipulate that defendants do not waive the jurisdictional and venue defenses that existed at the time the original Complaint in this case was filed.

C. Written Discovery of Plaintiffs

To the extent not already completed, the bellwether Plaintiff shall complete and serve on Defendants' Liaison Counsel a response to the Defendants' Interrogatories to the bellwether plaintiff and a response to the Request for Production of Documents within forty-five days of the approval of this order, or of their propounding, whichever is later.

D. Written Discovery of Defendants

To the extent not already completed, Defendants shall respond to the Plaintiffs' Interrogatories, Requests for Admissions and Requests for Production of Documents within forty-five days of their propounding.

E. Medical Records:

To the extent not already completed, each Plaintiff shall provide Defendants' Liaison Counsel with all medical records of all Plaintiffs in their possession and releases as requested by Defendants by February 1, 2011.

F. <u>Depositions</u>

    1. Should any party wish to take the deposition of any non-party witness who is infirm or at risk of death or disability, that party shall serve a *de bene esse* deposition notice and identify the basis for the expedited deposition. The parties shall cooperate to ensure that all such noticed, expedited, or *de bene esse* depositions are taken in a timely and mutually acceptable manner so as to perpetuate testimony.

    2. The Defendants shall have the right to depose any particular Plaintiff or her treating physicians. Access to any particular Plaintiff's physicians, other than the bellwether Plaintiff's, shall be the sole initiative and obligation of Defendants; Plaintiffs do not guarantee the non-bellwether Plaintiffs' physicians cooperation or availability. However, Plaintiffs and their counsel will do nothing to impede the efforts of Defendants to arrange and conduct such depositions.

G. <u>Expert Reports and Disclosures</u>

    1. The bellwether Plaintiffs' expert reports with supporting documents shall be served on Defendants on or before March 1, 2011, including all experts common to causation issues for all Plaintiffs. Plaintiffs' Rule 26 (a)(2) expert

disclosures will be provided to the Defendants five (5) days prior to each expert's deposition.

2. Defendants will be provided an opportunity to depose Plaintiffs' experts in the forty-five days after receiving Plaintiffs' expert reports. The presentation of Plaintiffs' experts shall be Plaintiffs' obligation. Said depositions will take place at the expert's residence, or at a suitable office in reasonable proximity thereto, and may be taken by video. Experts will be reasonably compensated for their time and travel expenses by the party requesting the deposition. The length of each deposition will be governed by the Federal Rules unless the Court grants special permission.

3. Defendants and their experts will be provided with free and open access to all Plaintiffs' records and pathology specimens in Plaintiffs' possession or control. Releases will be timely provided by Plaintiffs as requested.

4. The parties will timely notify their opponents of those medical records they have received and not previously disclosed and provide facsimiles to the other side.

5. Defendants' expert reports with supporting documents shall be served on Plaintiffs on or before April 15, 2011, including all experts Defendants intend to call at the *Daubert/Frye* hearing. Defendants' Rule 26 (a)(2) expert

        disclosures will be provided to the Plaintiffs five (5) days prior to each expert's deposition.

6. Plaintiffs will be provided an opportunity to depose Defendants' experts and any other non-party witnesses in the forty-five days after receiving Defendants' expert reports. Said depositions will take place at the expert's residence, or at a suitable office in reasonable proximity thereto, and may be taken by video. Experts will be reasonably compensated for their time and travel expenses by the party requesting the deposition.

7. Plaintiffs and their experts will be provided with free and open access to all facts, data, and other evidence referenced in the Defendants' expert reports that are within Defendants' possession or control.

    H.    <u>Product Identification and Exposure</u>

Each Plaintiff shall provide all information in her possession relating to the use of DES by her mother, and product identification of the DES taken by her mother, on or before February 1, 2011. Plaintiffs shall have the right to supplement identification information as it is uncovered. Defendants will not file any motions for summary judgment based upon the lack of exposure or a failure to identify the product manufacturer until after the *Daubert/Frye* hearing and mediation, although Plaintiffs' counsel will consider requests to dismiss certain defendants from cases in which identification is required and absent or in which the appropriate law allows Defendants to

exculpate , or in market share jurisdictions where such defendants have no market share.

    I.    <u>Class Action Allegations</u>

The parties agree that all issues relating to discovery and briefing of the Class Action allegations in the Second Amended Complaint shall be stayed until after the *Daubert/Frye* hearing for the bellwether plaintiffs.

    J.    <u>Non-Bellwether Plaintiffs</u>

At a future status conference the Court will address the status and scheduling of discovery and motions for all non-bellwether plaintiffs.

V.    *DAUBERT/FRYE* HEARING

    A. Subject to the Court's calendar, the *Daubert/Frye* hearing on the Plaintiffs' experts and their opinions shall commence before the Court on September 12, 2011 and end on September 22, 2011. The Plaintiffs agree that if the Court advises that in its opinion none of the Plaintiffs' experts' opinions meet the criteria of the *Daubert/Frye* rule, as interpreted by the Court, they will dismiss their cases, with prejudice, in advance of mediation as set forth below in subsection V.B., unless Plaintiffs believe that the Court's conclusion is patently contrary to applicable law, in which event Plaintiffs will ask the Court for a formal Order. In that event all Plaintiffs' cases will be stayed pending appeal of the bellwether decisions.

    B. At any time during or at the conclusion of the *Daubert/Frye* hearing, if the Court believes that any of Plaintiffs' experts' opinions are valid, the Court may order or informally recommend the parties to mediation before it. In that event, the parties agree to mediate the cases in good faith with all due dispatch. Mediation will occur on a case by case basis between the parties if possible, or before the Court if

necessary. The parties acknowledge the prior experience, judgment and effectiveness of Judge Bowler's efforts in many prior DES cases.

C. *Daubert/Frye* motions shall be filed by the Defendants no later than June 15, 2011. The Plaintiffs shall have fifteen days to respond and the Defendants' reply shall be served no later than July 15, 2011. Plaintiffs' rejoinder shall be served no later than July 20, 2011.

D. Until the conclusion of the mediation process, the Defendants will reserve, but not raise any defenses concerning:

    a.    Jurisdiction and Venue

    b.    Exposure

    c.    Product Identification

    d.    Negligence, Failure to Warn or Test, Misrepresentation

    e.    Statute of Limitations

    f.    Learned Intermediary

    g.    Preemption

    h.    Pleading deficiencies under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) or *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

E. The above defenses may be raised during mediation for purposes of valuation.

F. Testimony of the experts will be provided before the Court either by deposition, live in court, or by video at the discretion of the Court.

VI. TRIAL

The scheduling of a trial, if necessary, will be determined by the Court. In the event the parties do not mediate a particular plaintiff or plaintiffs to a conclusion,

Plaintiffs may seek an expedited jury trial to which the Defendants shall consent.

VII.   DISPUTES

In the event of any disputes arising under this Case Management Order, the parties will promptly meet and confer. If the parties cannot resolve the dispute, the parties shall seek resolution of the dispute before the Court by the most expedient manner available.

VIII.   TIMETABLE:

The attached Timetable is incorporated herein. No continuances or delays shall be permitted except for extraordinary events beyond the parties' control.

SO ORDERED

Dated: December 29, 2010

*Marianne B. Bowler* USMJ
United States Magistrate Judge

Entered
Feb. 25, 2011

WE ASK FOR THIS:

_____
Aaron M. Levine, Esq.
Law Offices of Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
*Counsel for Plaintiffs*

*Samuel Abate* / pp. J~
_____
Samuel J. Abate, Jr., Esq.
Pepper Hamilton LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
*Defendants' Liaison Counsel*


*David Covey* / pp. J~
_____
David M. Covey, Esq.
Sedgwick, Detert, Moran & Arnold
125 Broad Street
New York, New York 1004-2400
*Defendants' Liaison Counsel*

## Fecho v. Eli Lilly

### *DAUBERT/FRYE* HEARING TIMETABLE

| Date | Event |
|---|---|
| January 15, 2011 | - Plaintiffs file the Amended Complaint & consent motion to transfer to D. Mass. |
| February 1, 2011 | - Plaintiffs designates bellwether case |
|  | - Plaintiffs provide all available information relating to ID in all cases. |
|  | - Plaintiffs provide all available medical records & releases in all cases. |
| February 5, 2011 | - Defendants' Answer due |
| February 15, 2011 | - Defendants designate their bellwether case. |
| March 1, 2011 | - All Plaintiffs' expert reports due. |
|  | - Depositions of Plaintiffs' experts begin. |
| April 15, 2011 | - Depositions of Plaintiffs experts end. |
|  | - All Defendants' expert reports due. |
|  | - Depositions of Defendants experts begin. |
| May 30, 2011 | - Deposition of Defendants experts end. |
| June 15, 2011 | - Defendants' *Daubert/Frye* motions due. |
| July 1, 2011 | - Oppositions to *Daubert/Frye* motions due. |
| July 15, 2011 | - *Daubert/Frye* replies due. |
| July 20, 2011 | - Plaintiffs' rejoinder due. |
| September 12, 2011 | - Daubert/Frye Hearings Commence |
| September 22, 2011 | - Daubert/Frye Hearings Conclude |